## CHARLES MITCHELL CARTER *v.* STATE OF MARYLAND

[No. 391, September Term, 1977.]

*Decided January 10, 1978.*

The cause was submitted on briefs to THOMPSON, MELVIN and WILNER, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Michael R. Nalloy, Assistant Public Defender,* for appellant.

Submitted by *Francis B. Burch, Attorney General, F. Ford Loker, Assistant Attorney General, Richard D. Warren, State's Attorney for Wicomico County,* and *Robert A. Eaton, Assistant State's Attorney for Wicomico County,* for appellee.

MELVIN, J., delivered the opinion of the Court.

On April 5, 1977, Charles M. Carter (appellant) was convicted by the Circuit Court for Wicomico County (Pollitt, J. presiding without a jury) of escape. He was committed to the custody of the Division of Correction for a period of one year to run consecutive with the sentence he was then serving. Appellant now presents two questions for our review:

> "1. Did the trial court err by denying Appellant's motion to dismiss which alleged that Art. 27, § 139 (a) was unconstitutional?
>
> 2. Did the trial court err by denying Appellant's motion for a judgment of acquittal because the evidence did not show that the alleged escape took place in Wicomico County?"

The record before us supports a finding that on August 28, 1976, appellant, who was properly confined to the Poplar Hill Correction Camp in Wicomico County, was assigned to a work release detail which was sent to Ocean City, in Worcester County, for the day. While in Ocean City, appellant escaped from the work detail. He was apprehended several months later in Baltimore City.

I

Md. Ann. Code, Art. 27, 700A (c) (1976 repl. vol.) provides *inter alia,* that:

> ". . . If any prisoner released from actual confinement under a 'work release' plan shall

wilfully fail to return to the place of confinement so designated at the time specified in such plan, he shall be guilty of a felony and, upon conviction, shall be subject to the penalties provided in § 139 of Article 27."

As appellant was convicted of escape under Article 27 § 700A (c), he was sentenced pursuant to Article 27, § 139, which provides in subsection (a) as follows:

"If any offender or person legally detained and confined in the penitentiary or jail, or house of correction, or reformatory, or station house, or any other place of confinement, in this State, escapes he shall be guilty of a felony and on conviction by the Criminal Court of Baltimore City or by the circuit court of the county in which the escape takes place, be sentenced to confinement in the penitentiary, jail or house of correction for whatever additional period, not exceeding ten years, as the court may adjudge. The sentence so imposed shall be consecutive to the sentence under which the inmate was originally confined and may not be suspended. However, for escapes from the Maryland Correctional Institution — Hagerstown or the Maryland Correctional Training Center — Hagerstown or any juvenile institution which have not involved an assault, the sentence may not exceed confinement for three years."

In his Motion to Dismiss Indictment, filed prior to trial, *see* Md. Rule 725 (b), appellant contended, *inter alia,* that Article 27, § 139 (a) is unconstitutional in that it denies him equal protection of the law. The basis for this contention is that the maximum penalty for escaping from the Hagerstown correctional facilities is three years, whereas the maximum penalty for escaping from any other place of confinement (e.g., the Poplar Hill Correctional Camp) is ten years. Appellant argues that the only distinction betweeen the Hagerstown facilities and the Poplar Hill Correctional Camp is geographic and that there is, therefore, no rational

justification for imposing a potentially heavier penalty on Poplar Hill escapees.

In denying appellant's Motion to Dismiss based on the alleged unconstitutionality of Article 27, § 139 (a) the trial judge stated:

> "That question as far as this court is concerned is moot because this court has said on several occasions that we have accepted that 3-years maximum for escape not involving assault as applying to all penal institutions, even though the statute makes it apply only to Hagerstown.
>
> So, assuming, without agreeing, that this is unconstitutional and discriminatory, it is not unconstitutional as applied to this case because this Court recognizes it as being a limitation. The motion is denied on that ground."

While we cannot agree with the trial court that the question is moot (appellant has not served out his sentence), we think appellant lacks standing to raise the issue of the constitutionality of Art. 27, § 139 (a). As we perceive it, appellant's argument is that Article 27, § 139 (a) denies him the equal protection of the law because he *might* have been sentenced to a term greater than the maximum allowable for an escape from the Hagerstown facilities. As noted above, however, appellant was *in fact* sentenced to a term of one year, which is below the maximum that anyone escaping from the Hagerstown facilities could receive. Thus, appellant suffered no actual injury. In other words, appellant has not shown that he was *in fact* treated differently from any individuals in the favored class (*i.e.,* those escaping from the Hagerstown facilities). *See National Union of Marine Cooks and Stewards v. Arnold,* 348 U. S. 37, 41 (1954).

In *Roberts and Schaefer Co. v. Emmerson,* 271 U. S. 50, 55 (1926), the United States Supreme Court held that one challenging the constitutionality of a statute on equal protection grounds, "cannot rely on theoretical inequalities, or such as do not affect him, but must show that he is himself affected unfavorably by the discrimination of which he

complains." We do not think appellant has made such a showing.

Even if we assume that appellant had the requisite standing to challenge the constitutionality of Article 27, § 139 (a), we would nevertheless hold that the trial judge properly denied his Motion to Dismiss. While it is well settled that "[T]he cases applying the Fourteenth Amendment's Equal Protection Clause have required that a statutory classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation. . .' ", *Bowie Inn, Inc. v. City of Bowie,* 274 Md. 230, 241, 335 A. 2d 679 (1975), it is equally well settled that "one who assails a legislative classification (on equal protection grounds) must sustain the burden of proving that it does not rest on any reasonable basis . . ." *Prince George's County v. McBride,* 268 Md. 522, 532, 302 A. 2d 620 (1973). In the instant case, appellant's mere assertion that the only difference between the Hagerstown correctional facilities and the Poplar Hill Correction Camp is geographic, simply does not sustain his burden of proving that the legislative classification does not rest on any reasonable basis. *See Id.* Appellant, for instance, has not affirmatively shown that there are no differences in the types of inmates housed at these institutions, or in the training that they receive. Absent such a showing, appellant has not overcome the presumptions which favor the constitutionality of a duly enacted statute. *Broadway v. State,* 23 Md. App. 68, 72, 326 A. 2d 212 (1974), *cert. denied,* 273 Md. 719 (1975).

## II

Appellant next contends that the trial court erred in denying his Motion for Judgment of Acquittal because the evidence did not show that the alleged escape took place in Wicomico County where he was tried.

Pointing to the language of Article 27, Section 139 (a) which says persons accused of the crime of escape are to be tried in the county in which the escape takes place, the

appellant argues that since he escaped while in Worcester County, Wicomico had no jurisdiction to try him.

Improper venue is a "defense or objection" which, under Md. Rule 725 (b), must be raised by motion before trial. *McBurney v. State,* 280 Md. 21, 33-34, 371 A. 2d 129 (1977); *Kisner v. State,* 209 Md. 524, 122 A. 2d 102 (1956). If the defense is not raised by motion before trial, it is deemed waived. Md. Rule 725 (b). In the instant case, appellant raised the issue of *jurisdiction* in his pre-trial motion to dismiss, but did not interpose the defense of *improper venue.* The trial judge was, therefore, correct in denying appellant's motion for judgment of acquittal on the ground of improper venue as that defense had previously been waived.

Even assuming that the issue of venue was properly raised below and on appeal, we think venue was proper in this case. In *Stewart v. State,* 275 Md. 258, 340 A. 2d 290 (1975), the Court of Appeals said at p. 270:

> "As a distillation of these decisions § 139 has come to be interpreted to mean that the crime of escape takes places either (1) in the county where the physical departure actually occurs, or (2) in the county where the institution is located, which is the 'prisoner's place of confinement' and from which his 'constructive' departure occurs. Since the Legislature has elected, following these decisions, not to amend the statute, but rather has acquiesced in its judicial construction there is a strong presumption that the intention of the Legislature and the words used by it have been correctly interpreted and such interpretation should not be disregarded."

The appellant having been tried in the county where the institution of his place of confinement was located, the requirement of venue was satisfied.

*Judgment affirmed.*
*Costs to be paid by appellant.*